**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

EDISON LIMA, JR.,                  Civil No. 12-7770(NLH/KMW)

        Plaintiff,

    v.                          **OPINION**

AETNA LIFE INSURANCE COMPANY,
And FEDERAL EXPRESS
CORPORATION SHORT TERM
DISABILITY PLAN,

        Defendants.

---

**APPEARANCES:**

Thomas Joseph Hagner, Esquire
Hagner & Zohlman, LLC
57 Kresson Road
Cherry Hill, New Jersey 08034
    *Attorney for Plaintiff Edison Lima, Jr.*

Elizabeth Marie Fong Low, Esquire
Federal Express Corporation
3620 Hacks Cross Road
Building B
2nd Floor
Memphis, Tennessee 38125
    *Attorney for Defendants Aetna Life Insurance Company and*
    *Federal Express Corporation Short Term Disability Plan*

**HILLMAN, District Judge**

This matter comes before the Court by way of Plaintiff

Edison Lima, Jr.'s motion [Doc. No. 24] seeking an extension of

time to file an appeal pursuant to Federal Rule of Appellate

Procedure 4(a)(5).  Defendants oppose Plaintiff's motion.  The

Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion will be denied.

I.   <u>BACKGROUND</u>

This Court issued an Opinion and Order on December 31, 2013 denying Plaintiff's summary judgment motion and granting Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 in this ERISA matter.  (<u>See</u> Op. [Doc. No. 22] 25, Dec. 31, 2013; Order [Doc. No. 23] 1, Dec. 31, 2013.) Generally, Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a party file a notice of appeal within thirty (30) days after the judgment or order appealed from.  FED. R. APP. P. 4(a)(1)(A).  Accordingly, Plaintiff had thirty days from the date of the December 31, 2013 Opinion and Order to file a notice of appeal regarding this matter – that is until January 30, 2014.  Despite recognizing this deadline,[1] Plaintiff failed to file a notice of appeal within the time provided for under Rule 4(a)(1)(A).

On February 5, 2014, six (6) days after the thirty-day

---

[1]    Plaintiff's counsel, Thomas J. Hanger, Esquire, expressly acknowledges that the "time within which to file an appeal expired on January 30, 2014."  (Decl. of Counsel in Supp. of Notice of Mot. for Extension of Time to File Appeal [Doc. No. 24-1] ¶ 2.)

deadline expired, Plaintiff filed the present motion for an
extension of time to file his appeal under Federal Rule of
Appellate Procedure 4(a)(5).  (Pl.'s Notice of Mot. for
Extension of Time of File Appeal [Doc. No. 24] 1.)
Simultaneously, Plaintiff also filed a formal notice of appeal.
(Notice of Appeal [Doc. No. 25] 1.)  In support of the present
motion, Plaintiff submitted a one page Declaration of Counsel
from his attorney, Thomas J. Hanger, Esquire.  Hanger, on behalf
of his client, purportedly seeks this "extension of time to file
the within appeal due to the fact that" Hanger was "on trial in
the matter of Chang v. Friedmann, Docket No. BUR-L-2756-07,
Burlington County Superior Court, Law Division" from January 6,
2014 up to and including the date on which the present motion
was filed – February 5, 2014.[2]  (Decl. of Counsel in Supp. of
Notice of Mot. for Extension of Time to File Appeal [Doc. No.
24-1] ¶ 3.)  As a result of the timing of the Chang trial in
Burlington County Superior Court, Hanger contends that he "did
not have the opportunity to discuss th[is] matter with [his]
client[,]" Plaintiff Edison Lima, Jr.  (Id.)  Defendants oppose
Plaintiff's motion, primarily arguing that Plaintiff cannot

---

[2]    The record reflects that the Chang trial concluded on
approximately February 14, 2014. (Reply Mem. of Law in Supp. of
Mot. for Extension of Time to File Appeal [Doc. No. 29] 2.)

establish either excusable neglect or good cause as required under Appellate Rule 4(a)(5).

## II.  <u>ANALYSIS</u>

### A.  Appealing an Order of the District Court

As both the United States Supreme Court and the Court of Appeals for the Third Circuit have recognized, the timely filing of a notice of appeal is mandatory and jurisdictional.  <u>Hohn v. United States</u>, 524 U.S. 236, 247 (1998) (citing <u>Torres v. Oakland Scavenger Co.</u>, 487 U.S. 312, 315 (1988)); <u>Benn v. First Judicial Dist. of Pa.</u>, 426 F.3d 233, 237 (3d Cir. 2005) (explaining that "[c]ompliance with the Rules of Appellate Procedure for proper filing of a notice of appeal is 'mandatory and jurisdictional.'") (citing <u>Lusardi v. Xerox Corp.</u>, 975 F.2d 964, 970 n.7 (3d Cir. 1992)); <u>see also</u> FED. R. APP. P. 3(a)(1) (providing in pertinent part that "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4.").

"28 U.S.C. § 2107(a) states that: 'Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of

4

appeal is filed, within thirty days after the entry of such judgment, order or decree.'" Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322-23 (3d Cir. 2012).  In accordance with this statutory authority, Federal Rule of Appellate Procedure 4(a)(1)(A) requires that "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  FED. R. APP. P. 4(a)(1)(A).

Despite the general rule that a notice of appeal must be filed within thirty days, "district courts do 'have limited authority to grant an extension of the 30-day time period.'" Ragguette, 691 F.3d at 323 (citing Bowles v. Russell, 551 U.S. 205, 208 (2007)).  Pursuant to 28 U.S.C. § 2107(c), a "district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause."  Accordingly, "Federal Rule of Appellate Procedure 4(a)(5) authorizes a party to file" a motion seeking to extend this thirty-day time period.  Ragguette, 691 F.3d at 323. Federal Rule of Appellate Procedure 4(a)(5) provides in pertinent part that "[t]he district court may extend the time to

file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."[3]  Fed. R. App. P. 4(a)(5)(A).

In the present motion, Plaintiff seeks such an extension pursuant to Appellate Rule 4(a)(5)(A).  There is no dispute that Plaintiff has satisfied the first requirement of Appellate Rule 4(a)(5)(A) given that he filed the present motion for an extension just six days after the thirty-day period provided for in Appellate Rule 4(a)(1)(A) expired.  (See also Defs.' Resp. in Opp'n to Pl.'s Notice of Mot. for Extension of time to File Appeal [Doc. No. 28] 2) (observing that "Plaintiff's counsel has filed [the present] motion within that period" of time provided for in Appellate Rule 4(a)(5)).  However, the parties sharply

---

[3]    The Third Circuit has explained that "[t]he good cause standard 'applies in situations in which there is no fault—excusable or otherwise.'"  Ragguette, 691 F.3d at 323 n.2 (citing Advisory Committee's Notes on 2002 Amendments to Fed. R. App. P. 4).  Accordingly, the good cause standard is not applicable in this case as Plaintiff's moving and reply papers make clear that the reason for the failure to file a timely notice of appeal was directed caused by Hanger's involvement in the Chang trial.

dispute whether Plaintiff has established excusable neglect as
required under this Rule.

**B.   Parties' Arguments**

Defendants argue that "Plaintiff's counsel has not
established excusable neglect." (Id. at 5.)  Defendants
specifically attack Hanger's statements that his involvement in
the Chang trial in Burlington County Superior Court left him
without the opportunity to discuss this case with Plaintiff.
Defendants note that Hanger "does not say that there was no time
available for him to contact his client[,]" nor does Hanger
"indicate that his client was unavailable or whether he even
attempted to contact his client" at all. (Id.)  Defendants
point out that Hanger does not claim that he "was without means
to contact his client, or that he was incapacitated." (Id.)

According to Defendants, it was Hanger's obligation "to
reach out to his client" and the present motion completely fails
to "indicate whether [Hanger] even contacted his client at any
time by any means – telephone, fax, social media, face to face
meeting, email, letter, overnight mail – to report th[is]
Court's ruling and ask whether his client wished to appeal."
(Id.)  Defendants further argue that Hanger offers no
explanation for his apparent failure to contact his client

before the <u>Chang</u> trial commenced given that there was approximately one week between the time of the Court's December 31, 2013 Opinion and Order and the commencement of the <u>Chang</u> trial on January 6, 2014. (<u>Id.</u>) Defendants claim that there is no evidence that Hanger ever even drafted a notice of appeal during that period or "that he did anything in connection with this case during the critical time within which he was to file the Notice of Appeal." (<u>Id.</u> at 6.)

Therefore, Defendants contend, the proffered "reason for the delay simply adds up to one of two possibilities – either [Hanger] inexcusably forgot to file the notice of appeal or he was simply too busy[.]" (<u>Id.</u>) Citing <u>Ragguette</u>, Defendants assert that a "busy caseload does not constitute a basis for ... finding excusable neglect[,]" particularly because it "cannot be said that Counsel here [Hanger] exhibited substantial diligence and professional competence but as a result of some minor neglect, compliance [with the rules] was not achieved." (<u>Id.</u>) Defendants posit that there is sufficient evidence for this Court to find that Hanger "could have better managed his caseload and could have [done] more to make sure the 'critical

task' of properly filing a notice of appeal was completed despite how busy he may have been at the time."[4]

In his reply brief, Plaintiff offers the following explanation of Hanger's involvement in the Chang trial and how that impacted the failure to file a timely notice of appeal in this matter.  Specifically, Plaintiff represents that "[a]t the time of the Court's decision, Plaintiff's counsel was actively involved in preparation for" the Chang trial.  (Reply Mem. of Law in Supp. of Mot. for Extension of Time to File Appeal [Doc. No. 29] 1.)  Plaintiff further indicates that the Chang matter "went to trial on January 6, 2014, and was tried through February 14, 2014, when the jury concluded its deliberations and reached a verdict."  (Id. at 2.)  Plaintiff asserts that "[d]ue to the pendency of the [Chang] trial, Plaintiff's counsel, the only attorney on Mr. Lima's file, did not have the opportunity to discuss the implications of the Court's December 31, 2013

---

[4]    Defendants also argue that Plaintiff's motion should be denied for his failure to comply with Local Civil Rule 7.1(d)(1) which requires a party to file a brief in support of any motion filed with the Court.  (Defs.' Resp. in Opp'n to Pl.'s Notice of Mot. for Extension of time to File Appeal [Doc. No. 28] 2.)  Because the Court finds that Plaintiff's motion for an extension of time should be denied on the merits, the Court need not address Defendants' procedural argument regarding Plaintiff's purported failure to comply with the Local Rules in this instance.

Order with his client, and therefore did not have an opportunity to file a Notice of Appeal of that Order within thirty days." (Id.)

Analyzing the factors for finding excusable neglect set forth by the Supreme Court in Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), Plaintiff argues that in this case, "the delay in the filing of Mr. Lima's Notice of Appeal ... was a matter of four business days" and "[s]uch a minimal delay cannot be expected to inure to the prejudice of ... Defendants, and will not obstruct any further proceedings, which can certainly proceed in the normal course." (Reply Mem. of Law in Supp. of Mot. for Extension of Time to File Appeal [Doc. No. 29] 4.)  Plaintiff further argues that as his counsel, Hanger, has explained, "the delay resulted from the on-set of a substantial and labor-intensive, jury trial in a nearly eight-year-old case, which extended over more than five weeks." (Id.)  Moreover, Plaintiff contends that "[a]s a result of the time-requirements of trial, Mr. Lima's counsel did not have the opportunity to discuss the necessity of an Appeal with his client" but "once the pendency of the filing deadline came to his attention, he quickly filed this motion, as well as a Notice of Appeal, in a good faith attempt to move the matter

10

forward without further delay." (Id.) According to Plaintiff, the foregoing circumstance establish "good cause for an extension of time for the filing of Mr. Lima's appeal, and that any neglect on the part of his counsel in filing it out of time, was excusable under the circumstances." (Id. at 5.) Plaintiff further requests that "he not be penalized for the omissions of his counsel, which did not stem from any fault of his own." (Id.)

### C.   Demonstrating Excusable Neglect

"The Supreme Court has explained that determining whether neglect is 'excusable' requires weighing a number of factors, including 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Kanoff v. Better Life Renting Corp., 350 F. App'x 655, 657 (3d Cir. 2009) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)).[5] The Third Circuit has recognized, however, that

---

[5]     Prior to the Supreme Court's ruling in Pioneer, the Third Circuit "recited a similar list" of factors relevant to the excusable neglect inquiry, including "whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure ...; [] whether the asserted inadvertence

"[t]hese factors ... do not establish a mathematical formula" because the determination of what constitutes excusable neglect is "'at bottom an equitable one[.]'"  Kanoff, 350 F. App'x at 657 (citing Pioneer, 507 U.S. at 395).

While the law is clear that "no one factor is dispositive," it is equally clear that "'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect[.]'"  Kanoff, 350 F. App'x at 657 (citing Pioneer, at 392).  The Third Circuit has explained that, at its core, "'excusable neglect' describes situations 'where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved.'"  Kanoff, 350 F. App'x at 657 (citing Consol. Freightways Corp. of Del. v. Larson, 827 F.2d 916, 920 (3d Cir. 1987)).  "The standard for

---

reflects an easily manufactured excuse incapable of verification by the court ...; [] whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence ...; [] whether the inadvertence reflects a complete lack of diligence ...; or [] whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance."  Kanoff, 350 F. App'x at 657 n.2 (citing Consol. Freightways Corp. of Del. v. Larson, 827 F.2d 916, 919 (3d Cir. 1987)).

determining excusable neglect is 'a strict one' and ...
excusable neglect applies only to 'extraordinary cases where
injustice would otherwise result.'"  Consol. Freightways Corp.
v. Larson, 827 F.2d 916, 918 (3d Cir. 1987) (citing Advisory
Committee Notes to 1966 amendment to FED. R. CIV. P. 73, the
predecessor of FED. R. APP. P. 4(a)).

The Court now turns to the Pioneer factors in ruling on
Plaintiff's motion made pursuant to Appellate Rule 4(a)(5).[6]
With respect to the first two factors (1) the danger of
prejudice to the non-movant and (2) the length of the delay and
its impact on judicial proceedings, Plaintiff argues that
"[s]uch a minimal delay" of just "four business days" cannot be
expected to cause prejudice to Defendants and will not "obstruct
any further proceedings, which can certainly proceed in the
normal course."[7]  (Reply Mem. of Law in Supp. of Mot. for
Extension of Time to File Appeal [Doc. No. 29] 4.)  In assessing
the length of the delay here, the Court notes that the delay is

---

[6]    See In re Diet Drugs Product Liab. Litig., 401 F.3d 143,
153-54 (3d Cir. 2005) (agreeing with the conclusion of multiple
circuits that Pioneer applies "in the context of filing for
appeal pursuant to Fed. R. App. P. 4(a)(5)").

[7]    Defendants offer no specific arguments with respect to
these factors.

a rather minimal one, particularly because the present motion
was filed just six (6) days[8] after Plaintiff's initial deadline
to file a notice of appeal expired.

Despite Plaintiff's argument, the Court finds that there is
a modest, but measurable amount of prejudice to Defendants.
Following the litigation of this case, the entry of judgment in
Defendants' favor on December 31, 2013, and the expiration of
the appeal deadline on January 30, 2014, Defendants found
themselves in the position - from January 31, 2014 through
February 5, 2014 – of believing and expecting that this matter
had reached a final resolution and concluded.  It was not until
the filing of the present motion on February 5, 2014 that
Defendant first learned of Plaintiff's intent to appeal.
Moreover, Defendant was then forced to expend additional time
and resources on continuing to litigate this matter by filing
opposition to the current motion in order to preserve the
finality of the judgment Defendants believed they had obtained.
Had Defendants failed to oppose the motion, the circumstances

---

[8]     While Plaintiff couches his argument in terms of "business
days," Federal Rule of Civil Procedure 6(a) governs the
computation of "any time period specified in these rules" and
requires the Court to "count every day, including intermediate
Saturdays, Sundays, and legal holidays[,]" not just "business
days."

here might be different, but that is not the case.  Defendants'
effort to oppose this motion reflects that a discernible amount
of prejudice will in fact inure to Defendants from the delay by
Plaintiff in filing a timely appeal.  Accordingly, while the
delay may be minimal and that factor weighs in favor of
Plaintiff, Defendants will be sufficiently prejudiced by
granting this motion such that the first <u>Pioneer</u> factors weighs
against Plaintiff.

   The third <u>Pioneer</u> factor requires the Court to consider the
reason for the delay and whether it was within the reasonable
control of the movant.  Here, the only reason proffered by
Plaintiff for the failure to file a timely notice of appeal is
that Plaintiff's counsel, Hanger, was otherwise preparing for,
and on trial, in the <u>Chang</u> matter – a trial Hanger classifies as
a "substantial" and "labor-intensive" jury trial in state court
in New Jersey which commenced on January 6, 2014 and continued
through February 14, 2014.  As Defendants accurately point out,
neither Plaintiff nor Hanger proffer any evidence that they
attempted to communicate regarding the status of Plaintiff's
case at any point in time after this Court rendered its decision
on December 31, 2013.  Even if the Court assumes for purposes of
this motion that Hanger did not have a single spare moment or

opportunity to contact his client regarding this appeal once the
Chang trial began on January 6, 2014,[9] neither Plaintiff nor
Hanger adequately address the period of time between this
Court's decision and the commencement of the Chang trial.  The
record demonstrates – and neither Plaintiff nor his counsel
dispute - that Hanger was not on trial in the Chang matter until
Monday, January 6, 2014.  At a minimum, Hanger had at least two

---

[9]   The Court notes that this proposition is highly unlikely.
Admittedly, attorneys are members of an incredibly busy,
demanding profession that requires extensive time management
skills and substantial multi-tasking to meet the needs of
multiple clients and to comply with deadlines imposed by various
courts.  However, the amount of time it would have taken Hanger
to reach out to his client by telephone, by email, or by
drafting a short letter in order to initiate a discussion of the
Court's December 31, 2013 decision and the prospect of an appeal
is minimal.  It would likely have required approximately five to
twenty minutes of Hanger's time at most to make a short phone
call or send a short email or letter.
     The Court agrees with Defendants that even during the
course of a substantial, labor intensive trial, there is time
early in the morning or late in the evening for attorneys to
turn their attention to other pressing matters.  Not to mention,
it is common in the course of jury trials for the court to take
multiple recesses in a given day to allow jurors a break from
the proceedings and time to eat lunch.  The Court finds that
Hanger could have easily taken advantage of any of these trial
recesses to make a brief telephone call or send a short email to
Plaintiff.  Hanger also could have easily prepared a letter at
the close of any given trial day and had it sent to Plaintiff in
the mail.  However, there is simply no evidence here to
demonstrate that Hanger made any such attempt to communicate
with his client at any time before the deadline to file a notice
of appeal expired.

business days – January 2, 2014 and January 3, 2014 – to contact Plaintiff regarding the December 31, 2013 decision and initiate the process for determining whether to file an appeal before the Chang trial actually commenced on January 6, 2014.[10]

In the Third Circuit, "[i]t is well established that a busy caseload generally does not constitute a basis for a finding of excusable neglect." Ragguette, 691 F.3d at 330 (citing Pedereaux v. Doe, 767 F.2d 50, 52 (3d Cir. 1985) ("That counsel spent much of the latter period preparing for the trial of other matters does not excuse the failure to attend to the insubstantial task of filing a notice of appeal.").  In Ragguette, the Third Circuit noted that the plaintiff continued "to highlight his counsel's busy schedule during the relevant time period" and further observed that his attorney "raised the

---

[10]    To say that Hanger had a minimum of two business to communicate with Plaintiff regarding this Court's December 31, 2013 decision and whether to appeal, the Court conservatively presumes that Hanger could not have attempted to contact his client on January 1, 2014 – the New Year's Day holiday – or on the weekend of January 4, 2014 (Saturday) and January 5, 2014 (Sunday).  However, it is not uncommon in the legal profession for attorneys to work on weekends or even holidays, particularly where the attorney is simultaneously involved in a lengthy and time-consuming trial that predominates over his or her time during typical business hours.  It would not have been unreasonable for Hanger to contact his client by drafting an email or a letter over that weekend and having it sent to the client at the time the Chang trial commenced.

issue of her own caseload at the hearing, purportedly in order to provide an explanation as to why she would not necessarily have seen a notice of appeal before its filing and why she would not have known that no such notice had been prepared and filed." 691 F.3d at 330.  The Third Circuit rejected this argument and concluded that "[s]imply put, the [attorney's] busy caseload was essentially offered as an 'excuse' for 'the failure to attend to the insubstantial task of filing a notice of appeal.'"[11]  Id.

---

[11]    Other district courts and courts of appeals have similarly recognized that "'[t]he Committee intended that the standard of excusable neglect remain a strict one, however.  We did not want lawyers to be taking advantage of this extra 30 days as a matter of course; it is not meant to cover the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case.  It is hoped that the bar will invoke and the courts give effect to this less stringent standard in the spirit in which it was written — that is, to take care of emergency situations only.'"  Maryland Cas. Co. v. Conner, 383 F.2d 13, 16-17 (10th Cir. 1967) (citing Robert L. Stern, *Changes in Federal Appellate Rules*, 41 F.R.C. 297, 298-299); see, e.g., Jackson v. Chandler, 463 F. App'x 511, 513 (6th Cir. 2012) (affirming district court's denial of motion for an extension of time to file an appeal where the district court found that "being busy with other matters does not constitute excusable neglect.") (citing Baker v. Raulie, 879 F.2d 1396, 1400 (6th Cir. 1989)); Harrington v. City of Chicago, 433 F.3d 542, 548 (7th Cir. 2006) (observing that "it is widely accepted that neglect due to a busy schedule is not excusable.") (collecting cases); Arcadia Valley Hosp. v. Bowen, 641 F. Supp. 190, 193 (E.D. Mo. 1986) (explaining that "[t]he excusable neglect standard does not apply when a lawyer's excuse is that he is too busy.") (citing Selph v. Council of City of Los Angeles, 593 F.2d 881, 885 (9th Cir. 1979)).

Analyzing the record on the present motion, the only proffered reason for Plaintiff's failure to file a timely notice of appeal is essentially tied directly to his attorney's involvement in the Chang trial in Burlington County Superior Court.  Here, neither Plaintiff nor his counsel, Hanger, have persuaded the Court that the excusable neglect standard is satisfied.  Excusable neglect is meant to describe circumstances where "counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved.'"  Kanoff, 350 F. App'x at 657.  This is a strict, exacting standard, and the record here reflects that this was not a case of "minor neglect" by Hanger.  Rather, Plaintiff's counsel allowed his busy schedule surrounding the Chang trial to result in this matter being put on the back burner and left for another day.  It cannot fairly be said that Hanger's handling of this case demonstrates substantial diligence and professional competence. Much like the circumstances in Ragguette, this Court finds that "a reasonably competent attorney would have better managed h[is] own caseload and would have done more to make sure that the critical task of properly filing a notice of appeal was

19

completed despite how busy []he may have been at the time."  691
F.3d at 330.  Accordingly, this third Pioneer factor weighs
heavily against Plaintiff.

The fourth and final Pioneer factor takes into account
whether the moving party has acted in good faith.  Here, there
are no allegations by Defendants that Plaintiff or his counsel
acted in bad faith in filing the present motion.  The record
also makes clear that the motion was filed as the Chang trial
was drawing to its conclusion, and the Court is satisfied that
Plaintiff and his counsel acted in good faith in requesting this
extension of time.  As a result, this factor weighs in favor of
Plaintiff.

Considering all four Pioneer factors in light of the
particular facts presented in this motion, however, it is clear
that on balance these factors weigh against a finding of
excusable neglect.  The measurable prejudice to Defendants in
combination with the inadequate reason proffered for the delay –
a lawyer's busy trial schedule – outweigh the remaining factors,
and the Court cannot excuse the neglect that occurred in this
case.  Filing a timely notice of appeal is a "critical - yet
relatively simple" step that did not occur here for reasons that

were foreseeable, preventable, and within the Plaintiff and his

attorney's control.[12]  <u>See</u> <u>Ragguette</u>, 691 F.3d at 332.


Date: September 22, 2014          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[12]    Finally, Hanger and Plaintiff assert that Plaintiff should
"not be penalized for the omissions of his counsel, which did
not stem from any fault of his own." (Reply Mem. of Law in
Supp. of Mot. for Extension of Time to File Appeal [Doc. No. 29]
5.)  However, "[b]oth the Supreme Court and [the Third Circuit]
have long 'held that clients must be held accountable for the
acts and omissions of their attorneys.'"  <u>Brodie v. Gloucester</u>
<u>Twp.</u>, 531 F. App'x 234, 237 (3d Cir. 2013) (citing <u>Pioneer</u>, 507
U.S. at 396).  The question for the Court to consider is "not
whether the client 'did all [he] reasonably could in policing
the conduct of [his] attorney,' but rather if the 'attorney, as
[his] agent, did all he reasonably could to comply' with the
deadline."  <u>Brodie</u>, 531 F. App'x at 237.  For the reasons set
forth above, it is clear in this case that Hanger did not do all
he reasonably could to file a timely appeal.  Unfortunately, his
client must face the consequences of his attorney's actions, or
inactions, as is the case here.